LAURIE A. TRAKTMAN (SBN 165588)
**GILBERT & SACKMAN**
A Law Corporation
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010-2732
(323) 938-3000; Fax: (323) 937-9139
email: lat@gslaw.org

JS 6

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' PENSION PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' HEALTH PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SHEET METAL AND AIR CONDITIONING CONTRACTORS OF SAN DIEGO INDUSTRY FUND, INC.; BOARD OF TRUSTEES OF THE SHEET METAL AND AIR CONDITIONING APPRENTICESHIP AND JOURNEYMEN TRAINING FUND; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' LOCAL 206 SECTION 401(K) PLAN; and SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 206 WORKING DUES PLAN,    Plaintiffs,<br><br>v.<br><br>COMFORT ZONE AIR CONDITIONING & HEATING SERVICE, INC.; CORASTINE ROBINSON; and STANLEY ROBINSON, individuals,<br><br>   Defendants. | Case No. CV-08-8375 DSF (AGRx)<br><br>ORDER ON STIPULATION FOR JUDGMENT |

Pursuant to the Stipulation by and between Plaintiffs, Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona, and Nevada; Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona, and Nevada; Board of Trustees of the Sheet Metal and Air Conditioning Contractors of San

1

Diego Industry Fund, Inc.; Board of Trustees of the Sheet Metal and Air Conditioning Apprenticeship and Journeyman Training Fund; Board of Trustees of the Sheet Metal Workers' Local 206 Section 401(k) Plan; and Sheet Metal Workers International Association Local Unio No. 206 Working Dues Plan ("Sheet Metal Workers' Trust Funds") and defendants Comfort Zone Air Conditioning & Heating Service, Inc. and Stanley Robinson ("Individual Defendant") (collectively "Defendants"), subject to the approval of this Court:

1. The Company and the Individual Defendant are indebted to the Plans in the amount of $37,099.35. Said amount is comprised of contributions in the amount of $21,999.50 for the delinquent work months of August 2008 ($4,447.19), September 2008 ($6,117.10), October 2008 ($6,170.60), and November 2008 ($5,264.61); liquidated damages in the amount of $4,399.90 for the delinquent work months of August 2008, September 2008, October 2008, and November 2008; interest at 10% per annum in the amount of $2,199.95; reimbursement of plaintiffs' reasonable fees ($8,000.00), and reimbursement of plaintiffs' recoverable costs of suit ($500).

2. The Company and Individual Defendant remain delinquent in their required payments of employee benefit plan contributions to the Plans for the work months of August 2008, September 2008, October 2008, and November 2008.

3. Judgment may be entered in this case in favor of the Plans and against the Company and Individual Defendant, jointly and severally, in the amount of $37,099.35 in delinquent employee benefit plan contributions, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

4. The Company and Individual Defendant may satisfy the judgment by paying a total of $26,399.40. Specifically, the Company and Individual Defendant shall pay the amounts due in contributions for the work months of August 2008, September 2008, October 2008, November 2008, and liquidated damages for the delinquent work months of August 2008, September 2008, October 2008, and November 2008 by making installments

pursuant to the following installment plan: the full amount of contributions for the work months of August 2008 ($4,447.19), September 2008 ($6,117.10), October 2008 ($6,170.60), and November 2008 ($5,264.61) will be paid in twelve equal installments each in the amount of $600.00 beginning February 20, 2009 and continuing on the 20th day of each consecutive month ending January 20, 2010 and the company will make twelve additional installments each in the amount of $1,599.95 beginning on February 20, 2010 and continuing on the 20th day of each consecutive month until January 20, 2011 and three additional installments each in the amount of $1,466.63 beginning on February 20, 2011 and continuing on the 20th day of each consecutive month until April 20, 2011 for the full amount of liquidated damages ($4,399.90). And, January 2009 contributions will be paid timely by February 20, 2009 and all subsequent contributions for all subsequent work months will be paid timely and no later than the 20th day of each successive work month. There will be an eye towards lessening the amount of liquidated damages assessed in this paragraph if the Defendants remain in compliance with the terms of this Stipulation and pay timely for the duration of the Stipulation. Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

5. In the event the Company and Individual Defendant, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendant, plus interest on such unpaid amounts at the annual rate of ten percent.

6. This Court may retain jurisdiction over this matter through June 2011, to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to increase the amount of

judgment based upon additional sums owed to the Plans by defendants.  Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

7. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

8. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED**.

Dated: 3/18/09

_____
Hon. Dale S. Fischer